IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRANDON CRIDER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-CV-2415 |
| | § | |
| **EUGENIA FOUST,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY CONCERNING MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Defendant Eugenia Foust, and files this Reply concerning her Motion to Dismiss under FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6).

This suit is but the latest in a long and recent series of dubious petitions filed by this attorney, many of them *in forma pauperis*, alleging technical violations of the AMERICANS WITH DISABILITIES ACT. Far from presenting any true claims of discrimination, these cookie-cutter, drive-by lawsuits have followed a familiar pattern of demanding unconscionable sums of money from small businesses.[1]

---

[1] Attached as Exhibit A are true and correct copies of the virtually identical $10,000 to $15,500 pre-suit demands in these cookie-cutter, drive-by lawsuits. (Of course, the costs of these entrepreneurial lawsuits filed *in forma pauperis* are borne by the taxpayers, even though the attorneys filing these suits clearly have the ability to cover court costs.)

As this Court is well aware and the Fifth Circuit has affirmed, this kind of reprehensible entrepreneurial litigation fails for lack of standing. The undersigned counsel have advocated for years on behalf of individuals with disabilities. *See Neff v. VIA Metro. Transit Auth.*, 179 F.R.D. 185, 194-95 (W.D. Tex. 1998). However, entrepreneurial AMERICANS WITH DISABILITIES ACT litigation like this case, filed as a money-making venture, lacks standing and offends the very premise of the ADA.

To characterize this case as "alleging a plausible set of facts establishing jurisdiction" contravenes established Fifth Circuit precedent, is contrary to an opinion[2] from the Northern District of Texas involving these same plaintiff attorneys, and does violence to the AMERICANS WITH DISABILITIES ACT and the rights of individuals with disabilities and undermines public support for the ADA.

Far from presenting any true claims of injury or discrimination, the cookie-cutter, re-hashed lawsuits filed by this Plaintiff and these attorneys have followed a familiar pattern of demanding unconscionable sums of money from small businesses.[3]

These virtually identical vexatious lawsuits allege technical violations of the AMERICANS WITH DISABILITIES ACT (ADA), citing to certain recommendations set

---

[2] See *Segovia v. Admiral Realty, Inc.*, 3:21-cv-2478-L, at *7 (N.D.Tex. August 4, 2022) (Plaintiff "has failed to demonstrate that he has 'suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical;' therefore, he lacks standing. *Laufer*, 996 F.3d at 272.").

[3] Interestingly (and perhaps tellingly), these cookie-cutter cases only require a brief copy-and-paste adaptation, an hour at the most. Yet, counsel seeks the same exorbitant amount ($10,000 to $15,500) in virtually each case. No conscientious lawyer will bill twice, let alone 60 times, for the same work, warmed over.

forth in the *Americans with Disabilities Act Accessibility Guidelines*. Each of these lawsuits focuses on allegations of non-compliance with signage, parking lots, and paths of travel, such as marked accessible parking, parking signage, and curb cuts, whether or not such allegations are factual or real. Each of the allegations is of the sort one could attempt to raise by examining Google Maps or other similar databases whichh include street level imagery.

Many of these suits are filed *in forma pauperis*, forcing taxpayers to fund the enterprise, even though this is clearly entrepreneurial litigation.

To date, this Plaintiff has filed at least seven (and Plaintiff's counsel has filed at least 60) of these virtually identical cases in the Northern and Western Districts of Texas. Each of these 60 suits have the same boilerplate recitations such as "residing within 30 miles," "purchase general goods and services," and "intends to revisit the subject property again in the next six months." But none of these suits makes any attempt to specifically state how any of alleged non-compliance prevented access by the plaintiff, or why the plaintiff requires that specific accommodation.

The issue is subject matter jurisdiction and "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," and "[a]t the pleading stage, the 'burden is to allege a plausible set of facts establishing jurisdiction.'" *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271-72 (5th Cir. 2021), quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) and *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

Examination of "plausible set of facts establishing jurisdiction" must be done in the context of all 60 virtually identical suits brought by these attorneys in this entrepreneurial scheme. The boilerplate repetition in these belies any "plausible set of facts establishing jurisdiction."

If a plaintiff's litigation history may undercut the attempt to prove a particularized interest, *Hunter v. Branch Banking and Tr. Co.*, 2013 WL 4052411, at *5 (N.D. Tex. Aug. 12, 2013), citing *Norkunas v. Wynn Resorts Holdings*, LLC, 2007 WL 2949569, at * 4 (D.Nev. Oct.10, 2007) (stating that "a plaintiff's litigation history can undercut the sincerity of his or her expressed intent to return"); *Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1374-75 (M.D.Fla.2004) (similar), then identical statements appearing in more than 60 cookie-cutter lawsuits brought by the same three attorneys should substantially belie the sincerity of any attempt to establish jurisdiction.

Mr. Crider must meet, in detail, three criteria: (1) that he has an injury in fact; (2) that there is a causal connection between his injury and the conduct complained of; and (3) that his injury will be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

An injury in fact must be "particularized" and must be "concrete." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). "Particularized" injuries "affect the plaintiff in a personal and individual way." *Id*. (internal quotation marks omitted). Concrete injuries are "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v.*

*Ramirez*, 594 U.S. \_\_, \_\_, 141 S.Ct. 2190, 2206, 210 L.Ed.2d 568 (2021); *see* also *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63-64 (2d Cir. 2021). "An uninjured plaintiff who sues seeking to ensure a defendant's "compliance with regulatory law" (and, of course, to obtain some money)" lacks Article III standing. *TransUnion LLC*, 594 U.S. at \_\_\_,141 S.Ct. at 2206.

The Fifth Circuit has repeatedly held that Aritcle III standing requires that ADA plaintiffs allege "in detail" how the supposed ADA violation will "negatively affect their day-to-day lives." See *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 174 (5th Cir. 2018); *Frame v. City of Arlington*, 657 F.3d 215, 235-36 (5th Cir. 2011) (en banc); *Deutsch v. Travis Cty. Shoe Hosp., Inc.*, 721 F. App'x 336, 341 (5th Cir. 2018).

Mr. Crider's generalized boilerplate assertions, vague and deficient in any factual allegations related to him personally, are insufficient under binding precedent from the Fifth Circuit.

I. PLAINTIFF CRIDER DOES NOT HAVE STANDING

Mr. Crider makes no attempt to explain how any of the asserted technical violations prevented his use of the public accommodation or resulted in a concrete personal harm. Mr. Crider does not identify any specific public accommodation he was prevented from accessing. His response vaguely states that he did not have "full and equal enjoyment of the…services, facilities…or accommodations of any place of public accommodation." Resp. at 2. This is insufficient, and fails, in any way to demonstrate a particularized injury in fact, sufficient to accord jurisdiction. *Laufer v.*

*Mann Hosp., L.L.C.*, 996 F.3d 269, 273 (5th Cir. 2021). Accord *Laufer v. Looper*, 22 F.4th 871, 877-78 (10th Cir. 2022); *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir. 2022).

Mere allegations of non-compliance with certain technical administrative recommendations set forth in the *Americans with Disabilities Act Accessibility Guidelines* (ADAAG) does not empower Plaintiff or his attorneys to act as a self-appointed building inspector. The Fifth Circuit has held that minor deviations from the ADAAG technical guidelines standing alone do not give rise to a cause of action under the ADA. See *Greer v. Richardson Indep. Sch. Dist.*, 472 F. App'x 287, 295 (5th Cir. 2012). While ADAAG technical requirements may be a helpful reference point in evaluating barriers to access, a court cannot determine that non-compliance with these technical requirements gives rise to an injury in fact or a violation of the ADA.

Moreover, even if Mr. Crider alleged a statutory violation of the ADA, as opposed to non-compliance with certain accessibility guidelines, he would still lack Article III standing. If the ADA labeled all violations of that act and its implementing regulations as discrimination — which it does not, *see* 42 U.S.C. §§ 12112, 12132, 12182 (defining disability discrimination under the ADA), *TransUnion* makes clear that a statutory violation, however labeled by Congress, is not sufficient for Article III standing. *TransUnion*, 594 U.S. at ___, 141 S.Ct. at 2205.[4]

---

[4] Allegations of improper signage or a non-compliant ramp, for example, which do not comport with the guidelines, as provided and without more, are insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To state a claim under Title III, the plaintiff must not only allege the existence of an architectural barrier, he must also

## II. ENTREPRENEURIAL ADA LITIGATION DOES NOT HAVE STANDING

Mr. Crider makes no valid claim of a substantial risk of imminent future injury. *See Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). The "some day" intentions of a "tester," who now claims to want to be a "regular patron," are insufficient to grant Article III standing. *Strojnik v. Teof Hotel GP*, No. 3:19-CV-01336-E, 2020 WL 5211063, 2020 U.S. Dist. LEXIS 158287 (N.D. Tex. Aug. 31, 2020); *Access 4 All, Inc. v. Boardwalk Regency Corp.*, No. 08-3817, 2010 U.S. Dist. LEXIS 124625, 2010 WL 4860565 (D.N.J. Nov. 23, 2010) ("An ADA plaintiff who seeks an injunction mandating removal of architectural barriers cannot 'manufacture standing' by simply claiming that he intends to return to the defendant's establishment.").

The lack of standing is obvious once the 60-plus virtually identical lawsuits all filed this year by these attorneys are considered. These virtually identical lawsuits utilizing the same cast of plaintiffs in both the Northern and Western Districts of Texas are merely vehicles to extort payment. None of these cases demonstrate particularized, actual, or imminent injury, but merely the obvious repetition of alleged *Americans with Disabilities Act Accessibility Guidelines* defects without any detail. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements' of a cause of action will not do." *Ashcroft*, 556 U.S. at 678.

---

plausibly allege in detail how that barrier affected him personally. *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000). See also *Mosley v. QuikTrip Corp.*, No. CV-20-01937-PHX-ROS, 2021 U.S. Dist. LEXIS 226239, 2021 WL 5493444 (D. Ariz. Nov. 23, 2021).

Likewise, the repeated boilerplate description of why removal of the barriers to access can be readily achieved adds no useful information. It is a plaintiff's burden in pleading that removal of architectural barriers is readily achievable. *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020). *Persyn v. Torres*, No. SA-11-CV-0141 FB, 2011 WL 1549203, 2011 U.S. Dist. LEXIS 43828 (W.D. Tex. Apr. 22, 2011).

### III.  CONCLUSION

A "deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation'" *Laufer*, 996 F.3d at 273. "[T]he public interest that private entities comply with the law" cannot "be converted into an individual right by a statute that denominates it as such, and that permits all citizens (or, for that matter, a subclass of citizens who suffer no distinctive concrete harm) to sue." *TransUnion*, 594 U.S. at ___, 141 S.Ct. at 2206.

These 60 virtually identical cases, with their exorbitant, extortionary, pre-suit monetary demands, are a crass and clear attempt at a money grab. The boilerplate repetition without personal detail across these suits demonstrate "an uninjured plaintiff who sues seeking to ensure a defendant's "compliance with regulatory law" (and, of course, to obtain some money)" *TransUnion LLC*, 594 U.S. at ___,141 S. Ct. at 2206.

These suits lack Article III standing. *Id*. Mr. Crider has failed to plead either subject matter jurisdiction or a claim for which relief may be granted and his Complaint should be dismissed.

WHEREFORE, PREMISES, ARGUMENTS, and AUTHORITIES CONSIDERED, Defendant prasy that Plaintiff's claims for violation of the AMERICANS WITH DISABILITIES ACT be dismissed, and that costs and attorneys' fees be assessed against the Plaintiff and his counsel.

DATED: December 22, 2022

Respectfully submitted,

Eliot Shavin
State Bar No. 18138200
Corinna Chandler
State Bar No. 24061272
CHANDLER & SHAVIN, PLLC
12377 Merit Drive, Suite 880
Dallas, Texas 75251
(214) 522-2010 - Telephone
Shavin@chandlershavin.com

Geoffrey N. Courtney
State Bar No. 00790514
ATTORNEY AT LAW
111 Soledad St., Suite 540
San Antonio, Texas  78205-1531
(210) 227-7121 - Telephone
(210) 227.0732 - Facsimile
GNCourtney@GNCourtney.com

_____
GEOFFREY N. COURTNEY



James C. Harrington
Texas Bar No. 09048500
5304 Halmark Drive
Austin, TX 78723
(512) 771-1759 - Telephone
jim.harrington.austin@gmail.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of December 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Duncan Strickland
Counsel for Plaintiff
State Bar No.: 24072374
13423 Blanco Road, #936
San Antonio, TX 78216
Telephone: (210) 504-7874
Facsimile: (832) 218-4317
E-mail: Duncan@StricklandLawFirm.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

NONE.

  /s/ Geoffrey N. Courtney
GEOFFREY N. COURTNEY