IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON CRIDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2415-D |
| | § | |
| EUGENIA FOUST, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Brandon Crider ("Crider") sues defendant Eugenia Foust ("Foust") for several alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the underlying regulations in 28 C.F.R. pt. 36 that implement the ADA. Foust moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim on which relief can be granted.[1] The court grants Foust's Rule 12(b)(1) motion to dismiss and also grants Crider leave to replead.[2]

---

[1]Foust filed a motion to dismiss and an amended motion to dismiss on December 6, 2022. The initial, superseded motion is denied without prejudice as moot.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Foust's motion to dismiss is based in part on Crider's purported lack of standing. Standing is an issue of subject matter jurisdiction, and federal courts are obligated "to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As the party seeking to invoke this court's jurisdiction, Crider is "required to submit facts *through some evidentiary method*" in order to prove "by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Hunter v. Branch Banking & Tr. Co.*, 2013 WL 4052411, at *2 (N.D. Tex. Aug. 12, 2013) (Fitzwater, C.J.) (emphasis added) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

II

Crider maintains that he has standing because, in sum, Foust's allegedly noncompliant business is located near Crider's home on a major road that he frequently travels; he intends to visit the business once it is accessible to him;[3] the only reason he is not already a regular customer is because of physical barriers that prevent him from accessing the building in which the business is located; he "routinely stops to patronize various gas stations, convenience stores, and retail stores along his routine route of travel around his home"; and "patronage of various businesses around his home is central to his daily life." Compl. (ECF

---

[3]Unlike other complaints that Crider has filed, he does not refer to himself as a "tester." This court has concluded that "tester" language undermines a plaintiff's assertion that his injury is ongoing, and thus that he has standing to sue. *See, e.g.*, *Segovia v. Admiralty Realty, Inc.*, 2022 WL 3104849, at *3 (N.D. Tex. Aug. 4, 2022) (Lindsay, J.).

No. 1) ¶¶ 11-12.[4]

But even if the court assumes *arguendo* that these allegations would be sufficient if proved, Crider has only filed an unsworn complaint and a response to Foust's motion to dismiss.   Neither the unsworn complaint nor the response is supported by admissible evidence.  *See Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (Fitzwater, C.J.) (holding that statements made by counsel in briefs are not evidence).  Accordingly, Crider has failed to meet his burden of establishing that he has standing and to demonstrate that this court has jurisdiction.  The court therefore grants Foust's motion to dismiss on this basis.[5]

III

The court, however, will permit Crider to replead.  *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.).  Because Crider has not stated that he cannot, or is unwilling to, cure the defects that the court has identified, it grants him 28 days from the date this memorandum opinion and order is filed to file a first

---

[4]Crider's allegation that the alleged ADA violations impact his daily life bolsters his standing argument.  *Compare Segovia*, 2022 WL 3104849, at *3 (holding that plaintiff lacked standing because he "[did] not allege how being unable to access the Subject Property disrupt[ed] his daily activities") *with Frame v. City of Arlington*, 657 F.3d 215, 236 (5th Cir. 2011) ("[T]he plaintiffs have alleged in detail how specific inaccessible sidewalks negatively affect their day-to-day lives . . . . This is sufficient to support their right to sue.").

[5]Because the court is granting Foust's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, it need not address her Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted.  *See, e.g.*, *Trulife Healthcare, Inc. v. Burwell*, 2014 WL 4988347, at *5 (N.D. Tex. Oct. 6, 2014) (Fitzwater, C.J.).

amended complaint.

* * *

For the reasons stated, the court grants Foust's Rule 12(b)(1) motion to dismiss for

lack of subject matter jurisdiction, and it grants Crider leave to replead.

**SO ORDERED**.

January 12, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE