UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON CRIDER, <br> an individual, <br><br> PLAINTIFF, <br> v. <br><br> EUGENIA FOUST, <br> an individual, <br><br> DEFENDANT. | Case No. 3:22-cv-2415-D |

___

## JOINT RULE 26(f) REPORT

Plaintiff's counsel conferred in good faith with defense counsel, in person on January 27th and by email numerous times, and was unable to reach an agreement for a joint report. Defendant insists on inserting unsupported claims and allegations, raising collateral arguments, and including language that is not appropriate for a Rule 26(f) report. Accordingly, Plaintiff submits his own report and believes defense counsel will submit their own.

Counsel for Plaintiff has conferred with counsel for the Defendant.

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause of action, defenses, and counterclaims pled?**

This is a claim under Title III of the Americans with Disabilities Act. Plaintiff claims he is disabled and was discriminated against by Defendant when he attempted to but was deterred from gaining equal access and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at a property owned by Defendant because there exists at the property unlawful architectual barriers, dangerous conditions, and ADA violations that limited Plaintiff's access to the Subject Property. Defendant denies these allegations.

2. **Are there any outstanding jurisdictional issues?**

   Defendant has filed a Motion to Dismiss challenging the court's jurisdiction. Plaintiff has responded to said Motion.

3. **Are there any unserved parties?**

   No.

4. **Are there agreements or stipulations that can be made about any facts in this case or any element in the cause of action?**

   No.

5. **Are there any legal issues in this case that can be narrowed by agreement or motion?**

   No.

6. **Are there any issues about preservation of discoverable information?**

   No.

7. **Are there any issues about disclosure or discovery of electronically stored information ("ESI")? In what forms should ESI be produced and will production include metadata?**

   No.

8. **What are the subjects on which discovery may be needed?**

   Discovery will need to be conducted on all issues raised and allegations made by Plaintiff in the case and of expert witnesses.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

   No. Plaintiff proposes to exchange the initial disclosures within 14 days of the IPC. Defendant requests that initial disclosures, if any, be abated pending resolution of the jurisdictional issues.

10. **What, if any, discovery has been completed?  What discovery remains to be done and when should it be completed?  Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

    No discovery has been completed.  Discovery need not be conducted in phases.  The parties do not anticipate the need for any limitations on discovery.

11. **Have the parties discussed early mediation?**

    No.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

    No.

13. **Have the parties considered seeking entry of a confidentiality and protective order?**

    No.

14. **What, if any, discovery disputes exist that require the Court's attention at the time of the IPC?**

    No discovery disputes exist at this time.

        By:*/s/ Duncan Strickland*
        Duncan Strickland
        Counsel for Plaintiff
        State Bar No.:  24072374
        1452 Hughes Road, #200
        Grapevine, TX 76051
        Telephone: (214) 478-2753
        E-mail:  Duncan@StricklandLawFirm.com