IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON CRIDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-CV-2415 |
| | § | |
| EUGENIA FOUST, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S OBJECTION TO AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Defendant Eugenia Foust, and files this Objection to and Motion to Dismiss Plaintiff's First Amended Complaint, and respectfully shows the following:

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court's January 12, 2023 order (Dkt. 14) permitted Plaintiff to replead his case so as to provide "admissible evidence" to support his claims of subject matter jurisdiction. On February 3, 2023, Plaintiff filed his First Amended Complaint (Dkt. 17) in an attempt to comply with the Court's January 12, 2023 Order. However, Plaintiff's First Amended Complaint does not provide any "admissible evidence," and should be struck.

## II.   ARGUMENT AND AUTHORITIES

**A.   Testimony Based on "Knowledge, Information, and Belief" is Inadmissable**

Plaintiff attempts to comply with the requirement of providing admissible evidence in two ways. First, Plaintiff swears to and subscribes the First Amended Complaint before a notary public. (Dkt. 17, pg 17). Second, Plaintiff swears to and subscribes the following oath:

> After being duly sworn, the Plaintiff, Brandon Shane Dunn Crider, makes oath that the contents of the above-captioned Complaint are true and correct to the best of my information, knowledge, and belief.

(Dkt. 17, pg 18). Neither formulation provides for "admissible evidence" as required by the Court.

A skeletal "argument", really nothing more than an assertion, does not preserve a claim. *United States v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990). "Judges are not like pigs, hunting for truffles buried in briefs." *de la O v. Hous. Auth.*, 417 F.3d 495, 501 (5th Cir. 2005) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Perfunctory and conclusional assertions will not suffice. *Id.* Statements made on information and belief do not constitute proper summary judgment evidence under RULE 56(e). *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003).[1]

RULE 56(e) requires statements in affidavits to be based on personal knowledge and not based on information and belief. *Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th

---

[1] When evaluating admissible evidence presented in response to a motion to dismiss courts use the same standards that would apply under RULE 56(e). See, e.g., *Davis v. Howard*, 561 F.2d 565, 571-72 (5th Cir. 1977).

Cir. 1994) (instructing that statements "based on information and belief … [are] struck as not based on personal knowledge and therefore fail[] the requirements of FED. R. CIV. P. 56(e)"). Neither jurat contained within Plaintiff's First Amended Complaint defines any testimony as based upon Plaintiff's personal knowledge. Defining testimony as based upon "information, knowledge and belief" is insufficient to render any testimony admissible.

Verified pleadings may in some circumstances be treated as affidavits. See *Gordon v. Watson*, 622 F.2d 120, 122 (5th Cir. 1980). Nonetheless, pleadings, like summary judgment affidavits, must meet RULE 56(e)'s requirement that statements "shall be made on personal knowledge, shall set forth such facts as would be admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987) (citing FED. R. CIV. P. 56(e)); see also *Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991) (stating that a verified complaint should be treated as the functional equivalent of an affidavit as long as it satisfies the requirements of RULE 56(e)). **"Verification must be on personal knowledge alone . . . [not] verified only on 'knowledge, information, and belief.'"** *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965); see also *Marron v. Ream*, No. H-06-1394, 2006 U.S. Dist. LEXIS 72831, at *9 n.2 (S.D. Tex. 2006); *Atakapa Indian De Creole Nation v. Edwards*, No. 19-28-SDD-EWD, 2019 U.S. Dist. LEXIS 8485, at *9 (M.D. La. 2019);

*Charbonnet v. Malveaux*, No. 15-799-JWD-RLB, 2017 U.S. Dist. LEXIS 25863, at *3 (M.D. La. 2017).

Neither jurat within Plaintiff's First Amended Complaint is sufficient to yield admissible evidence. As a matter of law, Plaintiff has failed to provide "admissible evidence" as required by the Court. Plaintiff's First Amended Complaint should be struck.

**B.    Plaintiff's Verification and Oath Are Insufficient to Define Facts to Support Subject Matter Jurisdiction**

To characterize this case as "alleging a plausible set of facts establishing jurisdiction" contravenes established Fifth Circuit precedent, is contrary to an opinion[2] from the Northern District of Texas involving these same plaintiff attorneys, does violence to the AMERICANS WITH DISABILITIES ACT and the rights of individuals with disabilities, and undermines public support for the ADA.

Far from presenting any true claims of injury or discrimination, the cookie-cutter, re-hashed lawsuits filed by this Plaintiff and these attorneys have followed a familiar pattern of demanding unconscionable sums of money from small businesses.[3]

---

[2] See *Segovia v. Admiral Realty, Inc.*, 3:21-cv-2478-L, at *7 (N.D.Tex. August 4, 2022) (Plaintiff "has failed to demonstrate that he has 'suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical;' therefore, he lacks standing. *Laufer*, 996 F.3d at 272.").

[3] Interestingly (and perhaps tellingly), these cookie-cutter cases only require a brief copy-and-paste adaptation, an hour at the most. Yet, counsel seeks the same exorbitant amount ($10,000 to $15,500) in virtually each case. No conscientious lawyer will bill twice, let alone 60 times, for the same work, warmed over.

These virtually identical vexatious lawsuits allege technical violations of the AMERICANS WITH DISABILITIES ACT (ADA), citing to certain recommendations set forth in the *Americans with Disabilities Act Accessibility Guidelines*. Each of these lawsuits focuses on allegations of non-compliance with signage, parking lots, and paths of travel, such as marked accessible parking, parking signage, and curb cuts, whether or not such allegations are factual or real. Each of the allegations is of the sort one could attempt to raise by examining Google Maps or other similar databases which include street level imagery.

To date, this Plaintiff has filed at least nine (and Plaintiff's counsel has filed more than 60) of these virtually identical cases in the Northern and Western Districts of Texas. Each of these has the same boilerplate recitations such as "residing within 30 miles," "purchase general goods and services," and "intends to revisit the subject property again in the next six months." But none of these suits makes any attempt to specifically state personal facts regarding how any of alleged non-compliance prevented access by the plaintiff, or why the plaintiff requires that specific accommodation.

The issue is subject matter jurisdiction and "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," and "[a]t the pleading stage, the 'burden is to allege a plausible set of facts establishing jurisdiction.'" *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271-72 (5th Cir. 2021), quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) and *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). Plaintiff herein has failed to do so.

Examination of "plausible set of facts establishing jurisdiction" must be done in the context of all of the more than 60 virtually identical suits in this entrepreneurial scheme. The boilerplate repetition in these belies any "plausible set of facts establishing jurisdiction." If a plaintiff's litigation history may undercut the attempt to prove a particularized interest, *Hunter v. Branch Banking and Tr. Co.*, 2013 WL 4052411, at *5 (N.D. Tex. Aug. 12, 2013), citing *Norkunas v. Wynn Resorts Holdings*, LLC, 2007 WL 2949569, at * 4 (D.Nev. Oct.10, 2007) (stating that "a plaintiff's litigation history can undercut the sincerity of his or her expressed intent to return"); *Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1374-75 (M.D.Fla.2004) (similar), then identical statements appearing in more than 60 cookie-cutter lawsuits brought by the same attorneys should substantially belie the sincerity of any attempt of this plaintiff to establish jurisdiction.

Mr. Crider has failed to meet, in detail, three criteria: (1) that he has an injury in fact; (2) that there is a causal connection between his injury and the conduct complained of; and (3) that his injury will be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). By merely verifying the entirety of his boilerplate complaint, Plaintiff does not provide admissible evidence of the factual detail necessary to establish jurisdiction.[4]

---

[4] Of course, Plaintiff's verifications attempting to provide evidence as to the legal conclusions within his First Amended Complaint are improper and an additional reason to strike the Complaint. A witness cannot be allowed to give testimony on a question of law. "It must be posited as an a priori assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (citing *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988)).

An injury in fact must be "particularized" and must be "concrete." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). "Particularized" injuries "affect the plaintiff in a personal and individual way." *Id.* (internal quotation marks omitted). Concrete injuries are "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. __, __, 141 S.Ct. 2190, 2206, 210 L.Ed.2d 568 (2021); *see also Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63-64 (2d Cir. 2021). "An uninjured plaintiff who sues seeking to ensure a defendant's "compliance with regulatory law" (and, of course, to obtain some money)" lacks Article III standing. *TransUnion LLC*, 594 U.S. at ___,141 S.Ct. at 2206.

The Fifth Circuit has repeatedly held that Article III standing requires that ADA plaintiffs allege "in detail" how the supposed ADA violation will "negatively affect their day-to-day lives." See *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 174 (5th Cir. 2018); *Frame v. City of Arlington*, 657 F.3d 215, 235-36 (5th Cir. 2011) (en banc); *Deutsch v. Travis Cty. Shoe Hosp., Inc.*, 721 F. App'x 336, 341 (5th Cir. 2018). Mr. Crider's generalized boilerplate assertions, vague and deficient in any factual allegations related to him personally, are insufficient under binding precedent from the Fifth Circuit. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements' of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  CONCLUSION

A "deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation'" *Laufer*, 996 F.3d at 273. "[T]he public interest that private entities comply with the law" cannot "be converted into an individual right by a statute that denominates it as such, and that permits all citizens (or, for that matter, a subclass of citizens who suffer no distinctive concrete harm) to sue." *TransUnion*, 594 U.S. at ___, 141 S.Ct. at 2206.

These 60 virtually identical cases, with their exorbitant, extortionary, pre-suit monetary demands, are a crass and clear attempt at a money grab. The boilerplate repetition without personal detail across these suits demonstrate "an uninjured plaintiff who sues seeking to ensure a defendant's "compliance with regulatory law" (and, of course, to obtain some money)" *TransUnion LLC*, 594 U.S. at ___,141 S. Ct. at 2206.

These suits lack Article III standing. *Id*. Mr. Crider has failed to provide admissible evidence of either subject matter jurisdiction or a claim for which relief may be granted and his Complaint should be dismissed.

WHEREFORE, PREMISES, ARGUMENTS, and AUTHORITIES CONSIDERED, Defendant pray that Plaintiff's claims for violation of the AMERICANS WITH DISABILITIES ACT be dismissed, and that costs and attorneys' fees be assessed against the Plaintiff and his counsel.

DATED: February 10, 2023

          Respectfully submitted,

          Geoffrey N. Courtney
          State Bar No. 00790514
          ATTORNEY AT LAW
          111 Soledad St., Suite 540
          San Antonio, Texas 78205-1531
          (210) 227-7121 - Telephone
          (210) 227.0732 - Facsimile
          GNCourtney@GNCourtney.com

          _____
          GEOFFREY N. COURTNEY

          James C. Harrington
          Texas Bar No. 09048500
          5304 Halmark Drive
          Austin, TX 78723
          (512) 771-1759 - Telephone
          jim.harrington.austin@gmail.com

          **ATTORNEYS FOR DEFENDANT**

          Eliot Shavin
          State Bar No. 18138200
          Corinna Chandler
          State Bar No. 24061272
          CHANDLER & SHAVIN, PLLC
          12377 Merit Drive, Suite 880
          Dallas, Texas 75251
          (214) 522-2010 - Telephone
          Shavin@chandlershavin.com
          **LOCAL COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 10th day of February 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Duncan Strickland
    Counsel for Plaintiff
    State Bar No.: 24072374
    13423 Blanco Road, #936
    San Antonio, TX 78216
    Telephone: (210) 504-7874
    Facsimile: (832) 218-4317
    E-mail: Duncan@StricklandLawFirm.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    NONE.

                             /s/ Geoffrey N. Courtney
                             GEOFFREY N. COURTNEY